**United States District Court**
**District of Massachusetts**

```
_____
                                )
SUN LIFE ASSURANCE COMPANY OF   )
CANADA, (U.S.),                 )
         Plaintiff,             )
                                )   Civil Action No.
         v.                     )   06-11511-NMG
                                )
FRANCIS J. SAMPSON, JR.,        )
GRETCHEN C. SAMPSON, JAMES F.   )
SAMPSON and JEFFREY F. SAMPSON, )
         Defendants.            )
_____    )
```

**MEMORANDUM & ORDER**

GORTON, J.

     This is an action for interpleader in which the defendants, beneficiaries of a life insurance policy, oppose this Court's previous imposition of fees and costs. Before the Court are three motions of the defendants seeking, _inter alia_, relief from judgment entered in plaintiff's favor.

**I.   Background**

     This action has degenerated into an interminable squabble over attorneys' fees. The original basis for suit was the inability of plaintiff Sun Life Assurance Company of Canada ("Sun Life") to determine, based upon two policy enrollment forms filled out within 11 days of one another, the allocation to beneficiaries of a $48,000 life insurance policy. One form designated defendant Francis J. Sampson, Jr. ("Francis"), the decedent's husband, as the primary beneficiary and a second form

-1-

designated Francis and the couple's three children (the remaining defendants here) as primary beneficiaries.  Unwilling to accept that any ambiguity existed and, instead, blaming Sun Life for having ambiguously-drafted forms, Francis took an unrealistic and rigid stand.

Initially, however, it looked as though the dispute might end rather simply.  Because each of the three children was willing to release his/her claim to the $48,000, the parties agreed in principle that they would execute such a release and Francis would collect the entire benefit.  The defendants, however, felt that the language in Sun Life's proposed, standard release was too broad.  The two sides eventually agreed on substitute language for the release but Sun Life apparently sought nearly $4,000 in attorneys' fees for its work up to that point.  Believing that the beneficiaries ought not be responsible for any fees, Francis refused to pay and this action followed.

The Sampsons' conduct in this Court has been dilatory and obstructive.  All four defendants initially ignored the suit for ten months and defaults were entered in March, 2007. Nonetheless, in May, 2007, this Court allowed Francis's motion to remove the default and file an answer.  He again focused his objection on the imposition of attorneys' fees.  After the parties failed to resolve the fee dispute themselves, this Court entered an order awarding Sun Life fees in the amount of $8,668

which was later increased (after the filing of another unopposed motion) by an additional $7,236.

Francis appealed.  He argued that the award was an abuse of discretion because the interpleader action was brought in bad faith.  In particular, he stated that a disagreement over the language of the releases had already been resolved and that Sun Life only filed the suit in order to impose legal fees and costs upon the beneficiaries.  Sun Life Assur. Co. of Canada v. Sampson, 556 F.3d 6, 9 (1st Cir. 2009).  The First Circuit denied the appeal and affirmed the imposition of fees, id., and the United States Supreme Court subsequently denied a petition for a writ of certiorari.

After the denial of certiorari, realistically believing that this case had finally run its course, Sun Life sought to collect its fees from the $36,000 previously deposited in this Court (again on plaintiff's unopposed motion).  On December 15, 2009, it sent a proposed order for release of funds to this Court, defendants and defendants' counsel.  No timely response was filed and the Court issued an order on December 31, 2009 to release $15,904.15 then held by the Registry of Court.

On January 4, 2010, Attorney John Keating filed a notice of appearance on defendants' behalf.  Claiming that he was "as surprised as one could possibly be" to learn that he had missed the deadline to oppose plaintiff's request for release of funds,

-3-

Attorney Keating filed a motion to alter judgment pursuant to Fed. R. Civ. P. 60(b) and for an extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(B) to oppose the previously-ordered release. Two days later, on January 6, 2010, defendants filed a motion for an additional extension of time.

The Court addressed and denied both of defendants' motions in an order dated January 28, 2010. Unpersuaded by defendants' numerous pleas of extenuating circumstances and good faith, the Court declared that "enough is enough" and pointed out that defendants have no inherent right to challenge the release of funds, no matter the timing or circumstances.

In the meantime, however, the parties filed three additional motions, which were not called to the attention of the presiding judicial officer before his January 28, 2010 order was entered. On January 11, 2010, Francis filed a motion 1) for an extension of time to oppose plaintiff's request for the release of funds, 2) to vacate the December 31, 2009 order and 3) to remove "the default" and allow him to file an answer. Three days later, Attorney Keating (to whom defendants had expressed dismay for having missed the December, 2009 deadline) filed a motion to withdraw as attorney for the defendants. On January 20, 2010, without leave of court, Francis filed, pro se, a substantive motion, which he loquaciously entitled:

> motion in opposition to plaintiff's request for the
> release of fees, motion to vacate or suspend the effect

of this Court's order of December 31, 2009, motion to reverse the award of legal fees to the plaintiff and motion to award legal fees and costs to the defendants.

Plaintiff opposed that motion on January 25, 2010 and, again, without leave of court and <u>pro</u> <u>se</u>, Francis responded shortly thereafter.

## II.  **Analysis**

Two of the three pending motions can be dealt with summarily: defendants' motion for an extension of time will be denied as moot and the motion of defendants' counsel to withdraw will be allowed.

Defendants' substantive motion is addressed more fully. Francis repeats the long chronology of this case and his fundamental belief that the insurance company brought this action in bad faith because there was no dispute between him and his children and that the suit is a "fraud on the court" to collect fees and cover up the company's mistakes.  Admitting that "[i]t would be easy to rule against me given the rules of the court that have been so baldly violated by my attorneys", Francis essentially pleads for mercy.  He contends that the court "cannot" let Sun Life profit from its deception and "must" make the defendants whole by reversing an award of fees, awarding the full proceeds of the policy to defendants and requiring plaintiff to pay defendants' attorneys' fees and costs as well.

Sun Life responds that 1) no excusable neglect has been

shown to extend the deadlines pursuant to Fed. R. Civ. P. 6, 2) Francis's arguments are hackneyed and ignore his numerous opportunities to challenge the imposition of fees which were ultimately released on December 31, 2009 and 3) defendants have not shown good cause to remove the default, specifically with respect to the children. Sun Life also seeks additional fees in connection with its work on the pending motions.

Sun Life is mostly correct and the time has come to end this interminable and unnecessary dispute. Francis cites no authority and offers no explanation that could reasonably constitute "excusable neglect" to extend the missed deadline in December, 2009 or, more generally, to warrant the reversal of this Court's previous entry of judgment and release of funds. Instead, he repeats factual allegations that form the basis for arguments he has already (unsuccessfully) made and points out the faults of his own attorneys. Regurgitation of the Court's prior rulings is unnecessary.

With respect to the complaint about his attorneys, Francis's remedy is his own affair. As the Supreme Court has stated,

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent....

Link v. Wabash R. Co., 370 U.S. 626, 633-34 & n.10 (1962). See

also <u>United States</u> v. <u>One Lot of $25,721.00 in Currency</u>, 938 F.2d 1417, 1422 (1st Cir. 1991) (applying <u>Link</u> to a request to set aside a judgment); <u>Kagan</u> v. <u>Caterpillar Tractor Co.</u>, 795 F.2d 601 (7th Cir. 1986) (same).

Moreover, Francis misrepresents the facts when he disclaims any responsibility for this dispute and the fees that have resulted. At the outset, rather than admitting that a reasonable dispute existed over the benefits and the language of the release forms, Francis chose to seek a pyrrhic victory, refusing to pay any legal fees associated with this action. That stand has turned into almost four years of needless bickering. To be sure, both parties could benefit from a "step back" but Francis, in acting as he did, took the risk that he would remain responsible for even greater costs as litigation continued. That is exactly what has happened.

Accordingly, Francis's motion will be denied. The Court will not, however, add additional fees to what Sun Life has already recovered.

**ORDER**

In accordance with the foregoing,

1)    defendants' motion for an extension of time and other miscellaneous relief (Docket No. 57) is **DENIED** as moot;

2)    the motion of defendants' counsel to withdraw (Docket No. 58) is **ALLOWED**; and

3)    defendants' motion to vacate or suspend the effect of this Court's order of December 31, 2009 and to reverse the award of legal fees to the plaintiff and motion to award legal fees and costs to the defendants" (Docket No. 59) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 13, 2010